IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMIE STEPHEN,

        Plaintiff,                    No. CIV S-09-1516 MCE KJM P

    vs.

DR. F. ZHANG, et al.,

        Defendants.           ORDER

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He has also requested injunctive relief and seeks some sort of ill-defined relief relating to a prison policy regarding televisions.

        Plaintiff seeks leave to proceed in forma pauperis but he is precluded from doing so because on three prior occasions he has had actions dismissed as frivolous, malicious or for failure to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(g); Stephen v. Hernandez, Civ. No. -7-0229 L (CAB) (S.D. Cal. 2007).

        The "three strikes" provision of the Prison Litigation Reform Act does not bar a plaintiff from proceeding in forma pauperis in a civil rights action if he is in imminent danger of serious physical harm. 28 U.S.C. § 1915(g). "The statute contemplates that the 'imminent danger' will exist contemporaneously with the bringing of the action." Abdul-Akbar v.

1

McKelvie, 239 F.3d 307, 313 (3d Cir. 2001). "Imminent" means "about to occur at any moment or [] impending." Id. at 315; see also Oxford English Dictionary, available at http://dictionary.oed.com ("close at hand in its incidence; coming on shortly").

Although it is difficult to discern the exact nature of plaintiff's claims, it does not appear that he is in imminent danger of serious physical harm. He does write generally about the impact of prison overcrowding on the provision of health care, but does not specifically tie this to any lack of medical care. He does allege that he is on a waiting list for dental treatment and that there is a policy of extracting teeth rather than providing the care necessary to save them; this does not rise to the level of imminent danger of serious harm. In addition, he claims to have contracted tuberculosis in 2005 because of overcrowded conditions, but does not allege he is being denied care for this disease.

Accordingly, the court will direct plaintiff to pay the filing fee for this action. If plaintiff fails to pay the filing fee within thirty days, this action will be dismissed. Moreover, because plaintiff has not paid the filing fee, the court will not address plaintiff's motion for injunctive relief.

Accordingly, IT IS HEREBY ORDERED that;

1. Plaintiff's request for leave to proceed in forma pauperis (docket no. 2) is denied;

2. Plaintiff shall pay the $350.00 filing fee within thirty days; and

3. Plaintiff's motion for a preliminary injunction (docket no. 7) is denied without prejudice.

DATED: September 21, 2009.

_____
U.S. MAGISTRATE JUDGE

2
step1516.3k