IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMIE STEPHEN,

    Plaintiff,                        No. CIV S-09-1516 MCE EFB (TEMP) P

vs.

F. ZHANG, et al.,

    Defendants.               ORDER

       Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with an action under 42 U.S.C. § 1983. He has three motions pending before the court: (1) a motion to appoint counsel; (2) a motion for the court to issue an order to show cause; and (3) a motion to amend or correct his motion for an order to show cause.

       The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

////

1

This is the fourth time the court has denied plaintiff's requests for the appointment of counsel. The court has repeatedly ruled that this case does not present the exceptional circumstances that warrant the appointment of counsel.[1] Plaintiff's repeated motions for the appointment of counsel have thus become a burden to the court. He need not and should not continue to strain his own resources and the court's by filing the same request over and over. Plaintiff is admonished that another motion for the appointment of counsel without a drastic change in circumstances that necessitates the appointment of counsel may result in the imposition of sanctions for vexatious use of the court's process, in violation of Fed. R. Civ. P. 11.

Plaintiff's motion for an order to show cause is effectively a motion for sanctions against defendants for filing a motion to declare the plaintiff a vexatious litigant. There is no reasonable basis for imposing sanctions for the filing of that motion. Therefore the court will not require defendants to show cause why they should not be sanctioned.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for appointment of counsel (Docket No. 90) is denied. Plaintiff is apprised that another motion for the appointment of counsel without a drastic change in circumstances that necessitates the appointment of counsel may result in the imposition of sanctions for vexatious use of the court's process, in violation of Fed. R. Civ. P. 11.

2. The motions to issue an order to show cause and to amend the motion to issue an order to show cause (Docket Nos. 93 and 94) are denied.

DATED: June 3, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] At the same time, the court routinely considers whether appointment of counsel is necessary in each case, including this one, as it proceeds through different stages of litigation, including trial.

2