1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JIMMIE STEPHEN,

11              Plaintiff,              NO. CIV S-09-1516 MCE EFB (TEMP) P

12        vs.

13   F. ZHANG, et al.,
                                        ORDER AND
14              Defendants.             FINDINGS AND RECOMMENDATIONS
                                    /
15

16        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action

17   under 42 U.S.C. § 1983.  This case is proceeding on plaintiff's second amended complaint, filed

18   April 27, 2010, wherein plaintiff alleges he has suffered from the denial of adequate dental

19   treatment, resulting in the painful exposure of nerves in his mouth.

20   I.   Background

21        The court originally dismissed this case on February 9, 2010, on the basis that plaintiff is

22   a "three strikes" litigant under 28 U.S.C. § 1915(g) and had failed to pay the filing fee.  *See*

23   Docket No. 22.  Plaintiff appealed, and the Ninth Circuit found that his appeal was "so

24   insubstantial as to not warrant further review."  Order, Docket No. 29 at 1.  However, the Ninth

25   Circuit also noted that "the amended complaint attached to the notice of appeal makes more

26   detailed allegations as to the possibility of imminent serious bodily harm than the complaint that

1

1   was filed in the district court.  Respondent is not precluded from filing another action in the

2   district court or from seeking leave to amend this action to attempt to raise these claims."  *Id.*

3   The Ninth Circuit gave no explicit direction to this court, but its use of the phrase "possibility of

4   imminent serious bodily harm" was a clear invocation of the sole exception found in 28 U.S.C.

5   § 1915(g), which allows an otherwise barred "three strikes" prisoner to file a civil action and

6   application to proceed in forma pauperis if, at the time of filing, "the prisoner is under imminent

7   danger of serious physical injury."

8           After receiving the mandate and suggestion implicit in the Ninth Circuit's order, this

9   court found that plaintiff's claim in the second amended complaint fell within the "imminent

10  danger of serious physical injury" exception of § 1915(g).  The court re-opened the case and

11  ordered the second amended complaint served on defendants Swarthout, Brown, Zhang, Sisto

12  and Haviland.  *See* Docket No. 38.  All of those defendants have since waived service except

13  Brown, for whom there is no record of service on the docket.  Several motions from both sides

14  are now pending before the court.[1]

15  II.    Plaintiff's motion for injunctive relief

16          Plaintiff has filed a motion for an injunction ordering the immediate repair or

17  replacement of some of his teeth.  *See* Docket No. 85.  Any claim for injunctive relief in this case

18  is barred by the existence of the class action in *Perez v. Schwarzenegger*, C-05-05241-JSW

19  (N.D. Cal.).  *Perez* is a class action for injunctive relief addressing the adequacy of dental care

20  provided by the California Department of Corrections and Rehabilitation under the Eighth

21  Amendment.  Individual suits for injunctive or equitable relief from allegedly unconstitutional

22  conditions of confinement cannot be brought where there is a pending class action suit involving

23  ─────────────────

24          [1] On April 21, 2011, the court ordered plaintiff to file an opposition or statement of
    opposition to defendants' motion to dismiss.  *See* Docket No. 87.  The order was based on the
25  court's erroneous reading of the docket, which shows that plaintiff filed a motion to dismiss
    defendants Green and Oyeyemi from this action.  *See* Docket No. 79.  Plaintiff's motion to
26  dismiss those defendants is moot: the court has not ordered service on Green or Oyeyemi, so no
    order of dismissal against them is necessary.  The court's order of April 21 will be vacated.

the same subject matter.  *See Fleming v. Schwarzenegger*, 2010 WL 3069349 at *2 (N.D. Cal.);

*James v. Wilber*, 2009 WL 3334849 (E.D. Cal.)(dismissing individual claims for injunctive relief

related to dental care due to the existence of *Perez*).  A class action suit seeking only declaratory

or injunctive relief does not bar subsequent individual damage claims by class members, and

plaintiff here specifically seeks damages for his pain and suffering.[2]  *Id.*  Plaintiff's claims for

injunctive and other equitable relief, however, cannot proceed outside the *Perez* class action.

Therefore, the motion for an order to repair or replace plaintiff's teeth should be dismissed.

III.      Defendants' motion to declare plaintiff a vexatious litigant

On October 12, 2010, the day Swarthout and Zhang's answers to the amended complaint

were due, those defendants instead filed a motion to declare plaintiff a vexatious litigant under

Local Rule 151(b).  The local rule adopts Title 3A, part 2, of the California Code of Civil

Procedure, which deals with vexatious litigants, "as a procedural Rule of this Court on the basis

of which the Court may order the giving of a security . . . although the power of the Court shall

not be limited thereby."  The rule is plainly a discretionary one.

Here, the court finds that requiring security in addition to the $350.00 filing fee for which

plaintiff is already obligated would be redundant of the limitation imposed by 28 U.S.C.

§ 1915(g).  It would also preempt that statute's exception for "imminent danger of serious

physical injury" – an exception, defendants fail to acknowledge, that the court has already found

applies to this case after the Ninth Circuit expressly stated that plaintiff "is not precluded from

filing another action . . . or from seeking leave to amend this action to raise" the very claims he

has alleged in the second amended complaint.  Defendants Swarthout and Zhang have thus given

the court no good cause to revisit its earlier finding that this case should have been reopened or

to find that it warrants the imposition of a security requirement on the plaintiff.  Moreover, the

---

[2] Although it is not entirely clear in the pleading, plaintiff has attached a letter from an attorney at the Prison Law Office suggesting that he is already a member of the *Perez* class.  *See* Amended Complaint at 9.

court cannot ignore, as defendants apparently do, the Ninth Circuit's allowance that plaintiff may attempt to proceed on his claim. Accordingly, the undersigned recommends that their motion to declare plaintiff a vexatious litigant be denied.

IV.   <u>Miscellaneous</u>

The court is not aware of, nor do Swarthout or Zhang cite, any authority standing for the proposition that a motion to declare a plaintiff a vexatious litigant satisfies a defendant's obligation after service to file an answer or motion under Federal Rule of Civil Procedure 12. The types of relief available under Rule 12 are limited, and defendants Swarthout and Zhang do not invoke any of the rule's enumerated categories. The closest their motion comes to meeting one of Rule 12's options is its implicit request for a stay while plaintiff is allowed an opportunity to post security – after which, should plaintiff not come up with the money, this case would be dismissed under Rule 41, not Rule 12.

In the meantime, the deadlines for defendants Sisto and Haviland to respond to the complaint have passed, but neither defendant has filed an answer, a motion under Rule 12 or any other communication with the court.[3] They have not joined Swarthout's and Zhang's motion to declare plaintiff a vexatious litigant. As it stands now, then, not one of the four served defendants has filed an answer or moved to have the second amended complaint dismissed, despite the fact that their respective deadlines to do so have all expired.

Failure to answer or otherwise file a proper response to a complaint within the time required is grounds for the entry of default under Fed. R. Civ. P. 55(a). At the same time, "[t]he Court may properly decline to enter default against a [party] if that [party] has filed a response indicating its intent to defend the action." *In re Burchell Enterprises*, 2005 WL 1154302 at *2.

////

---

[3] Sisto and Haviland both have executed and filed waivers of service. *See* Docket Nos. 84 and 86. Sisto's deadline to respond to the second amended complaint was April 4, 2011. Haviland's deadline was April 18, 2011.

4

Here, defendant Swarthout and Zhang have indicated an intent to defend by filing a motion to declare plaintiff a vexatious litigant on the same day their answers were due.  Defendants Sisto and Haviland, however, have not indicated any intent to defend despite having waived service.  Therefore the court will enter default against Sisto and Haviland.  Swarthout and Zhang will have a short period in which to file an answer or motion under Rule 12.

Finally, plaintiff has submitted numerous filings that he entitles "motions."  *See* Docket Nos. 69, 73, 82 and 83.  These filings either state his opposition to the motion to declare him a vexatious litigant or seek relief that is not available or for which there is no cause for this court to grant.  All of them will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  The following motions filed by plaintiff are denied: supplemental motion to strike (Docket No. 69); motion to strike (Docket No. 73); motion for order to show cause (Docket No. 82); and motion for ruling on all issues on amended complaint (Docket No. 83).

2.  Plaintiff's motion to dismiss defendants Green and Oyeyemi (Docket No. 79) is denied as moot.

3.  The court's order of April 21, 2011 (Docket No. 87) is vacated.

4.  The Clerk is directed to enter the default of defendants Sisto and Haviland, pursuant to Fed. R. Civ. P. 55(a).

5.  Defendants Swarthout and Zhang have seven days from the date of this order in which to respond to the second amended complaint.  The court will grant no extensions of this time period absent a showing of extraordinary circumstances.

Further, IT IS RECOMMENDED that:

1.  Defendants' motion to declare plaintiff a vexatious litigant (Docket No. 56) be denied; and

////

////

5

1    2.  Plaintiff's motion for an injunction ordering the immediate repair or replacement of

2   his teeth (Docket No. 85) be denied.

3        These findings and recommendations are submitted to the United States District Judge

4   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one

5   days after being served with these findings and recommendations, any party may file written

6   objections with the court and serve a copy on all parties.  Such a document should be captioned

7   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8   shall be served and filed within twenty-one days after service of the objections.  The parties are

9   advised that failure to file objections within the specified time may waive the right to appeal the

10  District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

11  DATED:  June 20, 2011.

13                      EDMUND F. BRENNAN
14                      UNITED STATES MAGISTRATE JUDGE

6