IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMIE STEPHEN,

        Plaintiff,                        CIV S-09-1516 MCE EFB (TEMP) P

        vs.

F. ZHANG, et al.,

        Defendants.              <u>ORDER</u>

      Plaintiff is a state prisoner proceeding with counsel in an action under 42 U.S.C. § 1983. On June 21, 2011, the court entered default against defendants Sisto and Haviland. On June 28, 2011, Sisto and Haviland moved to set aside the entry of default. They have also joined their co-defendants, Zhang and Swarthout, in a motion for an extension of time in which to file a response to the second amended complaint.

      Fed. R. Civ. P. 55(c) authorizes a court to set aside entry of default for "good cause." "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994).

      A court determines the existence of good cause for removing a default by considering the following factors: (1) whether the party seeking to set aside the entry of default engaged in

1

culpable conduct that led to the default; (2) whether there is any meritorious defense to plaintiff's claims; or (3) whether setting aside the entry of default will prejudice the plaintiff. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "[A] finding that any one of these factors is true is sufficient reason for the district court to set aside the entry of default." *Id.* "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id*.

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of an action and intentionally failed to answer." *Signed Personal Check*, 615 F.3d at 1092. In contrast to requiring a separate showing of bad faith by an ordinary defendant who fails to answer, "[w]hen considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be assumed, and with it, intentionality." *Id*. at 1093 (citing *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988)(upholding the district court's refusal to vacate a default judgment because defendant's president, "as a lawyer, was presumably well aware of the dangers of ignoring service of process")).

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy. All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation is true' is not to be determined by the court when it decides the motion to set aside the default. Rather, that question 'would be the subject of the later litigation.'" *Signed Personal Check*, 615 F.3d at 1094 (internal citations omitted).

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether plaintiff's ability to pursue his claim will be hindered.'" *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001). "[T]he delay must result in tangible harm such as loss of evidence, increased

difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (citation omitted).

The court finds that defendants Sisto and Haviland have shown good cause for setting aside the entry of default. The court finds no culpable conduct here, nor is any prejudice to plaintiff apparent in setting aside the entry of default. Moreover, the motion to extend the time to respond to the complaint is well taken. In the event the district judge assigned to this case adopts the magistrate judge's recommendation of June 21, 2011, to deny the motion to declare plaintiff a vexatious litigant, all defendants will have ten days from the entry of the district judge's order in which to file a response to the second amended complaint. If the motion to declare plaintiff a vexatious litigant is granted, defendants' responses will be due no later than ten days after they are notified that plaintiff has posted security.

Accordingly, IT IS HEREBY ORDERED that:

1. The amended motion to set aside entry of default (Docket No. 101) is granted.

2. The motion for an extension of time (Docket No. 102) is granted. In the event the district judge assigned to this case adopts the magistrate judge's recommendation of June 21, 2011, to deny the motion to declare plaintiff a vexatious litigant, all defendants will have ten days from the entry of the district judge's order in which to file a response to the second amended complaint. If the motion to declare plaintiff a vexatious litigant is granted, defendants' responses to the second amended complaint will be due no later than ten days after they are notified that plaintiff has posted security.

3. Plaintiffs' motions for default judgment (Docket Nos. 103, 104, 105 and 108) are denied as moot.

DATED: July 25, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3