1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JIMMIE STEPHEN

11            Plaintiff,                 No. CIV S-09-1516 MCE CKD P

12       vs.

13   F. ZHANG, et al.                   ORDER AND

14            Defendants.               FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   under 42 U.S.C. § 1983.  On June 15, 2010, the court ordered service of the second amended

18   complaint[1] for the following defendants: Zhang, for allegedly failing to ensure that plaintiff's

19   dental problems were addressed; Sisto and Swarthout, for allegedly exposing plaintiff to disease

20   as a result of crowded conditions; and Sisto, Swarthout, Brown and Haviland, for allegedly

21

22        [1] The operative complaint in this case was filed with plaintiff's motion to amend on April
     27, 2010, which the court later granted.  See Docket Nos. 31, 32 and 38.  The docket shows that
23   plaintiff had previously filed amended complaints without leave of court on September 29, 2009,
     and January 29, 2010.  A plaintiff is allowed to file one amended complaint without leave of
24   court under certain circumstances, which were met in this case.  See Fed. R. Civ. P. 15(a)(1).
     Therefore, plaintiff filed his first amended complaint on September 29, 2009, as of right, but the
25   amended complaint filed without leave on January 29, 2010, is inoperative.  The pleading that
     plaintiff properly submitted by motion on April 27, 2010, was accepted as the second amended
26   complaint, and the court refers to it as such herein.

                                          1

1  exposing plaintiff to disease as a result of ventilation problems in prison dorms.  See Order at 3

2  (Docket No. 38).  The defendants have moved to dismiss, arguing, among other things, that

3  plaintiff failed to exhaust administrative remedies as to any of his claims against them.

4         I.      Standard of review for determining exhaustion

5        The exhaustion requirement is rooted in the Prison Litigation Reform Act

6  (PLRA), which provides that "[n]o action shall be brought with respect to prison conditions

7  under section 1983 of this title, . . . until such administrative remedies as are available are

8  exhausted." 42 U.S.C. § 1997e(a).  The California Department of Corrections and

9  Rehabilitation's (CDCR) regulations provide administrative procedures in the form of one

10  informal and three formal levels of review to address plaintiff's claims.  See Cal. Code Regs.

11  tit. 15, §§ 3084.1-3084.7.  Administrative procedures generally are exhausted once a prisoner has

12  received a "Director's Level Decision," or third level review, with respect to his issues or claims.

13  Cal. Code Regs. tit. 15, § 3084.5.

14        A motion to dismiss for failure to exhaust administrative remedies prior to filing

15  suit arises under Rule 12(b) of the Federal Rules of Civil Procedure.  Wyatt v. Terhune, 315 F.3d

16  1108, 1119 (9th Cir. 2003).  In deciding a motion to dismiss for failure to exhaust non-judicial

17  remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Id. at

18  1120.  If the district court concludes that the prisoner has not exhausted non-judicial remedies,

19  the proper remedy is dismissal of the claim without prejudice.  Id.

20        Under CDCR regulations, an inmate must file his prisoner grievance within

21  fifteen days of the events grieved.[2]  If a plaintiff failed to exhaust available administrative

22  remedies by filing a late grievance, his case must be dismissed.  Woodford v. Ngo, 548 U.S. 81

23

24      [2]  California regulations do not require an inmate to specifically identify a prison official
   in a grievance.  Therefore an inmate need not name a particular individual during the grievance
25  process in order to name that person as a defendant and meet the PLRA's exhaustion requirement
   when he files suit.  See Jones v. Bock, 549 U.S. 199, 218-219 (2007); Butler v. Adams, 397 F.3d
26  1181, 1183 (9th Cir. 2005).

(2006).  Exhaustion during the pendency of the litigation will not save an action from dismissal.

McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).  Exhaustion "'means using all steps

that the agency holds out, and doing so properly....'"  Woodford, 548 U.S. at 90 (citation

omitted).  Therefore, unless he can prove that some part of the process was unavailable to him,

an inmate must have pursued a grievance through every stage of the prison's administrative

process before he files a civil rights action.

Defendants bear the burden of proving plaintiff's failure to exhaust.  Wyatt, 315

F.3d at 1119.  The court resolves all ambiguities in favor of the non-moving party.  Estelle v.

Gamble, 429 U.S. 97, 106 (1976).

II.     Plaintiff's claim against Dr. Zhang

Plaintiff alleges that Defendant Zhang, a dentist, has "willfully denied" him dental

treatment since November 14, 2008.  Second Amended Complaint at 4 (Docket No. 31).  Zhang

responds that the claim against him is unexhausted because plaintiff did not complete the appeals

process for his administrative grievance until after he filed this lawsuit.

Each party has submitted its own proof of when plaintiff exhausted his grievance

concerning his dental treatment.  The grievance that explicitly names Dr. Zhang was exhausted

on March 22, 2010, when it was denied by the Office of Third Level Appeals – Health Care

(OTLA).  See Mot., Declaration of L.D. Zamora, Ex. A (Docket No. 124-2).  Plaintiff has

submitted a letter from OTLA showing he exhausted another grievance on April 27, 2010, about

thirty-six days after the grievance against Zhang was exhausted.  See Opp'n at unnumbered p. 16

(Docket No. 128).  That grievance concerns plaintiff's alleged dental problems, but it does not

name Zhang.

As noted above, an inmate need not name a particular individual during the

grievance process in order to preserve that person as a civil defendant and meet the PLRA's

exhaustion requirement when he files suit.  See note 1, supra.  Therefore either grievance could

stand as proof that plaintiff exhausted his claim against Zhang for deliberate indifference to

3

1   serious dental problems.  However, both grievances were filed after plaintiff initiated this lawsuit

2   on June 2, 2009.  For purposes of exhaustion, that timing is fatal: the "PLRA's exhaustion

3   requirement does not allow a prisoner to file a complaint addressing non-exhausted claims, even

4   if the prisoner exhausts his administrative remedies while his case is pending."  Rhodes v.

5   Robinson, 621 F.3d 1002, 1004 (9th Cir.2010).  That bar applies to this case under either of the

6   grievances that have been submitted as proof of exhaustion.  Therefore, the claim against Zhang

7   should be dismissed.

8        III.    Plaintiff's claims against defendants Sisto, Swarthout, Haviland and Brown

9                In its screening order, the court defined the claims cognizable against defendants

10  other than Zhang.  The court found the second amended complaint alleges that (1) Sisto and

11  Swarthout were aware of, and ignored, increased exposure to disease caused by overcrowded

12  conditions in the prison dorms, and (2) Sisto, Swarthout, Haviland and Brown were aware of,

13  and ignored, increased exposure to disease caused by problems with ventilation in the dorms.  All

14  four defendants respond that plaintiff did not exhaust any of those claims against them, arguing

15  that plaintiff did not submit any grievance related to overcrowding or ventilation problems in

16  prison dorms.

17               Defendants rely on the declaration of D. Foston, Chief of the Office of Appeals

18  (formerly the Inmate Appeals Branch) of the CDCR.  Foston states that plaintiff filed only one

19  appeal that "raised a sanitation issue, and no appeal discussed ventilation or overcrowding."

20  Mot., Declaration of D. Foston ¶ 7 (Docket No. 124-3).  He states that in that appeal, which was

21  assigned Log No. SOL-09-01867, "Stephen asserted that he was not being provided with

22  disinfectant for the toilet within the dormitory."  Indeed, sanitation in the bathroom appears to be

23  the principal concern raised in that grievance, and the only relief requested is a disinfected toilet

24  area, but it is not entirely true that the grievance does not also include a complaint about

25  overcrowding.  The handwritten grievance says that "overcrowding in dorms of Solano 4 yard

26  violate basic needs when denied necessary health and safety environmental conditions when

4

1    diseases exist [sic]." <u>Id.</u>, Ex. A at 5.  Although its syntax makes it difficult to read, this

2    allegation of overcrowding clearly appears in the context of the more specific complaint about

3    poor bathroom sanitation.  The court is bound to resolve all ambiguities regarding exhaustion in

4    favor of the plaintiff, so it cannot say definitively that plaintiff has never filed a grievance related

5    to overcrowding.

6           Plaintiff submits Log No. SOL-09-01867 in his opposition, but, even with the

7    benefit of the doubt that he complained about overcrowding in that grievance, he cannot rely on

8    it as proof of exhaustion: the grievance was filed on August 30, 2009, almost three months after

9    he filed this lawsuit.  As discussed above, the PLRA requires complete exhaustion before a

10   plaintiff can file a complaint for alleged violations of his civil rights.  <u>See</u> <u>Rhodes</u>, <u>supra</u>.

11   Plaintiff does not aver that the grievance process was made unavailable to him previous to his

12   filing Log No. SOL-09-01867, nor does he submit other proof showing he exhausted his claims

13   of overcrowding or poor ventilation before he filed this lawsuit.  As it stands, then, plaintiff's

14   only attempt to exhaust any such claims occurred far too late.  His claims against Sisto,

15   Swarthout, Haviland and Brown should be dismissed.

16      IV.    <u>Plaintiff's motions for "stays" and injunctive relief</u>

17           Plaintiff has filed two motions seeking "stays" that would, at least in part, take the

18   form of injunctive relief if granted.  The first motion seeks an "emergency stay until ruling" and a

19   temporary restraining order or preliminary injunction.  <u>See</u> Docket No. 135.  The basis of the

20   motion appears to be plaintiff's allegation that his transfer to San Quentin State Prison, which

21   was still pending at the time he filed the motion, was retaliatory.   The request for a "stay," then,

22   appears to be a request for an injunction to stop the transfer.  The second motion for a stay

23   concerns two prison medical officials whom plaintiff accuses of "criminal malpractice."  <u>See</u>

24   Docket No. 138.  Neither of those officials is a defendant in this case, yet plaintiff seeks a stay of

25   all proceedings in this litigation and, again, injunctive relief against the transfer to San Quentin,

26   until his allegation of criminal malpractice can be investigated.

1    A  temporary restraining order is an extraordinary and temporary "fix" that the

2 court may issue without notice to the adverse party if, in an affidavit or verified complaint, the

3 movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the

4 movant before the adverse party can be heard in opposition."  See Fed. R. Civ. P. 65(b)(1)(A).

5 The purpose of a temporary restraining order is to preserve the status quo pending a fuller

6 hearing.  See generally, Fed. R. Civ. P. 65; see also, E.D. Cal. L. R. ("Local Rule") 231(a).  It is

7 the practice of this district to construe a motion for temporary restraining order as a motion for

8 preliminary injunction, particularly where, as here, the motion has been served on the adverse

9 party.  See, e.g., Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal. 2010)(providing that

10 "'[t]emporary restraining orders are governed by the same standard applicable to preliminary

11 injunctions'")(citations omitted).

12    A preliminary injunction should not issue unless necessary to prevent threatened

13 injury that would impair the court's ability to grant effective relief in a pending action.  "A

14 preliminary injunction ... is not a preliminary adjudication on the merits but rather a device for

15 preserving the status quo and preventing the irreparable loss of rights before judgment."  Sierra

16 On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).  A preliminary

17 injunction represents the exercise of a far reaching power not to be indulged except in a case

18 clearly warranting it.  Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964).  "The

19 proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is

20 likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

21 preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the

22 public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), citing Winter

23 v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted).  In cases

24 brought by prisoners involving conditions of confinement, any preliminary injunction "must be

25 narrowly drawn, extend no further than necessary to correct the harm the court finds requires

26 preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. §

1  3626(a)(2).

2          The relief plaintiff seeks in these motions for "stays" is not relevant to preserving

3  the status quo in the underlying action, nor has plaintiff demonstrated a likelihood of success on

4  the merits of his allegations.  Most important, plaintiff does not show that in the absence of

5  preliminary relief he is likely to suffer irreparable harm, either to the merits of the instant

6  litigation or, more fundamentally, to his person.  "Speculative injury does not constitute

7  irreparable injury sufficient to warrant granting a preliminary injunction."  Caribbean Marine

8  Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988), citing Goldie's Bookstore, Inc. v.

9  Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).  Plaintiff must show a presently existing,

10  actual threat, although injury need not be certain to occur.  See Zenith Radio Corp. v. Hazeltine

11  Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir.

12  1997), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine, supra, 844 F.2d at 674.  Nothing in

13  plaintiff's motions suggests the existence of an actual threat to his safety or his ability to

14  prosecute this case.

15          For the foregoing reasons, plaintiff's motions for an emergency stay, temporary

16  restraining order or preliminary injunction to stop his transfer to San Quentin should be denied.

17  Likewise, his motion to stay these proceedings on the basis of alleged malpractice by prison

18  doctors will be denied.

19          V.      Miscellaneous motions

20          The court has received several other motions from both sides.  At least one is

21  moot,[3] but others require decision by the district judge in the event the court adopts the

22  magistrate judge's recommendation that this case be dismissed.

23  ////

24  ////

25

26          [3] The defendants' motion to strike plaintiff's unauthorized sur-reply is moot in light of the
recommendation that this case be dismissed.

Defendants have moved the court to reconsider its ruling of August 8, 2011, that plaintiff not be declared a vexatious litigant.  See Docket No. 123.  In light of the magistrate judge's recommendation of dismissal, the motion for reconsideration should be denied as moot.

Plaintiff has moved for a default judgment.  See Docket No. 127.  Defendants have not "failed to plead or otherwise defend," as required by the rule governing defaults and default judgments, Fed.R.Civ.P. 55(a).  Therefore the motion for default judgment should be denied.

Plaintiff has filed a motion to amend his request for damages.  See Docket No. 130.  The basis of the motion appears to be his allegation that prison officials have retaliated against him for filing this lawsuit.  Such an allegation asserts a claim unrelated to the claims of deliberate indifference at issue in this case.  "The Court must be able to discern a relationship between Plaintiff's claims" in order to allow amendment of the complaint and joinder of claims under Rules 15 and 18.  Windham v. Feldman, 2010 WL 1186475 at *2 (E.D. Cal.).  Moreover, plaintiff fails to name anyone directly responsible for the retaliatory acts or to state the factual circumstances of the retaliation.  These pleading deficiencies require the court to deny the motion to amend.

Plaintiff has also filed a "supplement" to the second amended complaint that seeks to add new defendants and new claims of retaliation to this action.  See Docket No. 136.  Defendants have moved to strike the "supplement."  See Docket No. 140.  They are correct: the "supplement" bears no relationship to this action, as required by Fed. R. Civ. P. 18(a), and it was submitted without leave of court, in violation of Fed. R. Civ. P. 15(a)(2).  The motion to strike it will be granted.

Plaintiff's motions to strike defendants' motion for reconsideration and other unspecified motions as vexatious (Docket No. 137, 147) are baseless and will be denied.  To the extent plaintiff seeks sanctions against defendants' counsel for filing any motion, that request is denied.  Likewise, the motion for sanctions (Docket No. 139) will be denied.

VI.   <u>Conclusion</u>

The magistrate judge recommends that the motion to dismiss be granted in favor of all defendants for plaintiff's failure to exhaust any of his claims against them.  The motions for "stays" and injunctive relief should be denied.  All other motions should be or will be ruled upon as set out above.

Accordingly, IT IS HEREBY ORDERED that:

1.   The motion to amend damages (Docket No. 130) is denied.

2.   The motion to strike plaintiff's unauthorized sur-reply (Docket No. 134) is denied as moot.

3.   Plaintiff's motions to strike (Docket Nos. 137 and 147), including any request therein for sanctions, are denied.

4.   The motion to stay (Docket No. 138), to the extent it seeks a stay of this litigation, is denied.

5.   The motion for sanctions (Docket No. 139) is denied.

6.   The motion to strike the supplement to the second amended complaint (Docket No. 140) is granted.

IT IS RECOMMENDED that:

1.   The motion to dismiss (Docket No. 124) be granted for plaintiff's failure to exhaust administrative remedies.

2.   The motion for default judgment (Docket No. 127) be denied.

3.   The motion for emergency stay, temporary restraining order or preliminary injunction (Docket No. 135) be denied.

4.   The motion for a stay (Docket No. 138), construed by the court as a motion for injunctive relief against plaintiff's transfer to San Quentin State Prison, be denied.

////

////

5.   The motion for reconsideration (Docket No. 123) of the court's ruling of August 8, 2011, declining to declare plaintiff a vexatious litigant, be denied as moot.

6.   This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 1, 2011

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
step1516.57